(12 Misc. Rep. 330.)

JACQUELIN et al. v. MANHATTAN RY. CO. et al.

YOUMANS et al. v. SAME.

(Superior Court of New York City, General Term. May 6, 1895.)

REFERENCE—WHEN GRANTED.

Where defendant, in an action against an elevated railroad company for injuries to plaintiff's property, caused by the operation of defendant's elevated railroad, admitted that substantial damage had been sustained by plaintiff, and the court thereupon directed an interlocutory judgment enjoining the operation of the road conditionally, and directing that the

damages be thereafter determined "in such manner as the court may direct," the provision as to ascertaining damages contemplates the exercise only of the lawful powers of the court; and a reference to ascertain the damages in such case, not being authorized by the statute relating to the references (Code Civ. Proc. § 1011 et seq.), cannot be granted.

Appeal from special term.

Actions by Emma L. Jacquelin and others, and by Sarah E. Youmans and others, respectively, against the Manhattan Railway Company and another, for injunctive relief and damages. From an order appointing a referee, plaintiffs appeal. Reversed.

For decision on appeal from order suspending the injunction, see 29 N. Y. Supp. 1113.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Davies, Short & Townsend, for appellants.

Forster & Speir, for respondents.

McADAM, J. These are equity suits by abutting owners for injunctive relief, fee and past damages on account of the operation of the defendants' elevated railway. When the causes were called for trial, in October, 1893, the defendants admitted that substantial damages had been sustained by the plaintiffs; whereupon the court directed interlocutory judgment that the defendants be enjoined, unless within six months they caused the easements appurtenant to the plaintiffs' premises to be condemned and acquired according to law. The court further directed that the question of past damages be reserved for determination after the easements should have been acquired, in such manner as the court should then direct. Condemnation proceedings were instituted and prosecuted to awards, which the defendants paid. In October, 1894, plaintiffs moved to restore the causes to the equity calendar for trial as to past damages. The judge presiding at special term thereupon directed a reference, upon the ground that, as the interlocutory judgment entered upon consent provided "that the past damages be determined in such manner as the court should direct," it carried with it the right to refer that question to a referee. We think this view erroneous. The words "in such manner as the court may direct" assume the exercise of its lawful powers, and cannot be interpreted irrespective of the limitations imposed by law. Express authority must therefore be found for the reference, or its direction cannot be sustained. The admission that substantial damages had been sustained is equivalent to a finding to that effect—after proof of title; nothing more. The Code[1] contains no warrant for the appointment of a referee to complete the trial. Doyle v. Railway Co., 136 N. Y. 505, 32 N. E. 1008.

It follows that the orders appealed from must be reversed, with costs. All concur.

[1] Code Civ. Proc. § 1011 et seq.